```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UC SOLUTIONS, LLC; GP TRADING
PARTNERS, LLC; PROTECTIVE
APPAREL, LLP,

                Plaintiffs,

     - against -
                                    MEMORANDUM AND ORDER
SAADIA SHAPIRO; VADIM LEYBEL;
BORIS LEYBEL; CAST GROUP, LLC;      24 Civ. 1450 (NRB)
PAZ GLOBAL VENTURES, LLC; CAST
CAPITAL LENDING CORP.; BMV
EQUITIES, LLC; PROSPERITAS
CAPITAL, LLC; ERIC PEREMAN;
SHAPIRO & ASSOCIATES ATTORNEYS
AT LAW, PLLC; REBOUND HOLDINGS,
LLC,

                Defendants.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This case was filed on November 18, 2022 in the Western District of New York asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). ECF No. 1 ("Compl."). All appearing defendants filed motions to dismiss. Collectively, the motions sought to dismiss the complaint on the basis of: (1) improper venue; (2) a prior and pending arbitration; and (3) the failure to state a RICO claim. By Memorandum and Order, dated February 12, 2024, Judge Lawrence J. Vilardo of the Western District of New York granted the motions to dismiss for improper venue and transferred the case to this

District.  ECF No. 70.  The case was assigned to the undersigned on February 26, 2024.  ECF No. 71.  Of the remaining motions, we find the motion to dismiss based on the ongoing arbitration in California dispositive for the reasons set forth below.[1]  ECF No. 39-2.  Accordingly, it is not necessary to address the sufficiency of plaintiffs' RICO pleading.

## BACKGROUND

The dispute between the parties arises from a series of contracts that plaintiffs, as buyers, entered into during the COVID-19 pandemic for the purchase of medical-grade gloves.[2]  See Compl. ¶ 3.  Plaintiffs allege that, despite their payment of $3,035,846, the contracted-for gloves were never delivered.  Id. ¶¶ 3, 31.  As plaintiffs acknowledge, the RICO claims asserted here arise out of "the same commercial transactions and disputes" at issue in an ongoing arbitration that one of the plaintiffs, GP Trading Partners, LLC ("GPTP"), filed on September 9, 2021 with the American Arbitration Association ("AAA") (the "Arbitration").  ECF No. 40-9 ("Pl. Opp.") at 24.  Before addressing the pending

---

[1] This motion was filed by defendants Vadim Leybel, Cast Group, LLC ("Cast Group"), BMV Equities, LLC ("BMV"), and Cast Capital Lending Corp. ("Cast Capital").

[2] A full recitation of the factual background can be found in Judge Vilardo's Memorandum and Order finding that the Western District of New York was an improper venue for plaintiffs' claims.  ECF No. 70.

motion and to provide context, we will summarize, to the extent we are aware, the legal proceedings between the parties.

Two of the respondents in the Arbitration, Saadia Shapiro ("Shapiro") and Paz Global Ventures, LLC ("Paz"), filed a complaint in the Supreme Court of the State of New York on October 15, 2021, seeking to transfer the Arbitration from California to New York. Paz Global Ventures, LLC v. GP Trading Partners, LLC, No. 655966/2021, NYSCEF Doc. No. 1. The Honorable Arlene Bluth dismissed this action on November 19, 2021, finding that Shapiro and Paz had a "full and fair opportunity" to contest the Arbitration's locale and that "[t]he correctness of the AAA's determination" not to transfer the Arbitration was "not a proper concern for the court." Paz Global Ventures, LLC, No. 655966/2021, 2021 WL 5412157, at *2-4 (N.Y. Sup. Ct. Nov. 19, 2021).

On October 5, 2022, GPTP filed a separate complaint in the New York State Supreme Court, seeking an order of attachment, among other things, against certain properties owned by defendants pending the Arbitration. GPTP alleged that Shapiro, Vadim Leybel, and Boris Leybel had "started to liquidate and hide their assets." GP Trading Partners, LLC v. Shapiro, No. 528987/2022, NYSCEF Doc. No. 1 ¶¶ 61-67. Shapiro and Paz responded by asserting various cross and counterclaims against GPTP and others, and, on February

8, 2023, moved to stay or enjoin the Arbitration pending the resolution of their claims. NYSCEF Doc. No. 304. On April 28, 2023, the Honorable Carolyn E. Wade denied Shapiro and Paz's motion, finding that there was no basis to stay an arbitration for which a valid agreement to arbitrate existed. NYSCEF Doc. No. 466. Moreover, the court determined that the issues raised by their claims were "properly before the Arbitrator, and will be addressed in the Arbitration." Id. at 3. The court noted that the parties were "fully engaged" in the Arbitration, including having selected an arbitrator, submitted position and witness statements, and scheduled a date for the arbitration hearing. Id. at 2.

Meanwhile, on March 29, 2023, Shapiro and Paz also moved for a default judgment against GPTP in the second state court action for its failure to respond to their counterclaims. GPTP opposed the motion and cross-moved to dismiss Shapiro and Paz's counterclaims, asserting that they were barred by the court's April 28, 2023 decision. On December 29, 2023, Justice Wade denied Shapiro and Paz's motion for default judgment and dismissed their cross and counterclaims based again on the parties' "active[] engage[ment] in the Arbitration," where Shapiro and Paz had specifically raised claims concerning the agreement at issue in

the cross and counterclaims.³ GP Trading Partners, LLC v. Shapiro, No. 528987/22, 2023 WL 9374893, at *3 (N.Y. Sup. Ct. Dec. 29, 2023)

## DISCUSSION

Plaintiffs' filing of this RICO action in federal court runs afoul of the fundamental principle that a party cannot split a cause of action. AmBase Corp. v. City Investing Co. Liquidating Tr., 326 F.3d 63, 73 (2d Cir. 2003) (a party splits a cause of action when he "has had a full, free and [untrammeled] opportunity to present his facts, but has neglected to present some of them or has failed to assert claims [that] should in fairness have been asserted."); see also Ritchie v. Landau, 475 F.2d 151, 156 (2d Cir. 1973). It is a "well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110 (2d Cir. 2000). Moreover, it is equally well settled that res judicata applies to arbitration proceedings. Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd., 687 F. Supp. 897, 899 (S.D.N.Y. 1988). Where a plaintiff could have asserted claims against a party in an earlier and ongoing action but failed to do so, those claims are subject to dismissal. See, e.g., In re

---

³ Shapiro and Paz appealed this decision on February 20, 2024.

Interstate Stores, Inc., 558 F.2d 1046, 1047 (2d Cir. 1977) (per curiam) (affirming dismissal because a separate and ongoing action, in which the instant claim could have been but was not raised, would have barred this case upon its conclusion); cf. Schlaifer Nance & Co. v. Est. of Warhol, 764 F. Supp. 43, 46 (S.D.N.Y. 1991) (finding that parties could split their claims arising out of a single transaction between litigation and an ongoing arbitration only because the parties had consented to claim splitting). This doctrine is "based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction . . . than to permit him to prosecute overlapping or repetitive actions in different courts or at different times." AmBase Corp., 326 F.3d at 73.

As stated above, plaintiff GPTP filed the arbitration demand against defendants Shapiro, Paz, and Cast Group on September 9, 2021. That demand, which plaintiffs' counsel concedes arose out of the "the same commercial transactions and disputes" that underlie this action, Pl. Opp. at 24, did not include a claim under the RICO statute, nor did it seek the treble damages that make RICO claims so attractive, see GP Trading Partners, LLC v. Shapiro, No. 528987/2022, NYSCEF Doc. No. 51. Plaintiffs' counsel also admits that RICO claims are generally arbitrable, and does not

dispute that the arbitration clauses in the relevant contracts were broad enough to encompass a RICO claim. Pl. Opp. at 23; see Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220 (1987). Although plaintiffs maintain that the facts involved in this case "are beyond those involved in the commercial breach of contract dispute that [] serves as the basis for the Arbitration," they provide no basis for that assertion, nor do they provide any reason that the RICO claims could not have been included in the arbitral demand. Pl. Opp. 23.

Based on plaintiffs' admissions, which amount to a concession that had plaintiffs chosen to do so, they could have included a RICO claim in their arbitration demand, plaintiffs are precluded from filing this case. While plaintiffs assert that they were not permitted to amend their arbitration demand to include a RICO claim (another concession that the RICO claim is arbitrable), plaintiffs may raise that issue at the conclusion of the Arbitration in a motion pursuant to 9 U.S.C. § 16(a). Having agreed to arbitrate, plaintiffs' remedies are delimited by the rules of the arbitral forum and the Federal Arbitration Act.

## CONCLUSION

As noted, Judge Vilardo resolved the improper venue motion, we have addressed the issue arising from the pending Arbitration,

and having done so, it is unnecessary to address any alleged inadequacy of the RICO pleading. Accordingly, this opinion resolves all the open motions. The Clerk of the Court is respectfully directed to close the motions pending at ECF Nos. 11, 12, 13, 14, 15, 16, 17, 19, and 39 and close the case.

**SO ORDERED.**

Dated:   March 13, 2024
         New York, New York

_____
         NAOMI REICE BUCHWALD
         UNITED STATES DISTRICT JUDGE